UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLIN RICE,

    Plaintiff,

v.

WALBRIDGE ALDINGER, LLC, et al.,

    Defendants.
_____/

CASE NO. 22-11790

HON. DENISE PAGE HOOD

**ORDER DENYING MOTION TO STRIKE
THIRD PARTY COMPLAINT (ECF No. 11),
DENYING MOTION TO CERTIFY CLASS AND
COURT-AUTHORIZED NOTICE (ECF No. 21),
and GRANTING IN PART AND DENYING IN PART
MOTION RE SUR-REPLY WALDRIDGE-ALDINGER LLC'S
EX PARTE EMERGENCY MOTION TO REMOVE
ECF 32 PAGEID 410 EXHIBIT A OF EXHIBIT 1 (ECF No. 33)**

**I.   BACKGROUND:**

On August 3, 2022, Plaintiff Colin Rice filed an Original Collective Action Complaint against Defendant Walbridge Aldinger LLC ("Walbridge") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., to recover overtime wages. The FLSA Collective of similarly situated workers consists of:

> All individuals employed by or working on behalf of WALLLC [Walbridge] and paid according to its straight time for overtime pay plan in the past (3) years (Putative Class Members).

(Complaint, ECF No. 1, PageID.4)

Rice worked for Walbridge from March 2021 until November 2021 as an Inspector in Spring Hill, Tennessee. *Id.* at PageID.3. Walbridge is an industrial contractors in the United States, providing construction services and support across a variety of industries, including in manufacturing, with numerous locations throughout the United States. *Id.* Walbridge has a practice of using staffing companies to source its workers such as Rice and hires personnel like Rice to staff its various work sites and secure its production and business interests in said locations. *Id*. at PageID.4-.5. Walbridge paid the staffing company which hired Rice, and, per Walbridge's directives, the staffing company invoiced Walbridge the same hourly rate for all hours Rice worked each week, including those over 40 hours. Per Walbridge's directives, the staffing company paid Rice the same hourly rate for all hours worked each week, including 40 hours, but Rice regularly worked 60 hours or more each week. *Id.* at PageID.5. Walbridge did not pay Rice full overtime rate, which is at a rate of one and one-half times regular rate of pay for hours worked in excess of forty (40) in a single week. *Id.* at PageID.6. Other employees were subjected to the same or similar illegal pay practices for similar work. These workers make up the proposed collective of Putative Class Members, classified by Walbridge as independent contractors. *Id*. While exact job titles and job duties may differ, Walbridge subjected the Putative Class Members and other

safety and inspection personnel to the same or similar illegal pay practices for similar work. *Id.* at PageID.7.

On September 9, 2022, Walbridge filed a Third-Party Complaint against Environmental & Safety Solutions, Inc. "ESS"). (ECF No. 9) Walbridge alleges that on December 8, 2022, ESS entered into a master safety consultant agreement with Walbridge to provide an approved safety professional to furnish certain services, including but not limited to, safety leadership for assigned projects and related safety services (the Master Agreement). *Id.* at PageID.64. On May 14, 2021, ESS entered into a safety consultant subcontract with Walbridge to provide an approved safety professional for the Project, which incorporated the terms of the Master Agreement (the Subcontract). *Id.* ESS assigned Rice to Walbridge at the General Motors Springhill Paint Shop Project in Springhill, Tennessee (the Project). *Id*.

On August 10, 2022, Walbridge requested that ESS defend, indemnify and hold harmless Walbridge from the claims asserted by Rice based on the Master Agreement where ESS is contractually obligated to defend, indemnify and hold harmless Walbridge for the claims brought by Rice. *Id*. at PageID.65. Walbridge filed a Third-Party Complaint against ESS on September 22, 2022 alleging: Breach of Contract (Count I); and, Indemnification (Count II). (ECF No. 9)

This matter is before the Court on Plaintiff's Motion to Strike the Third-Party Complaint and Motion for Conditional Certification and Court-Authorized Notice. Responses and replies have been filed and a hearing held on the matter.

## II.   ANALYSIS

### A.   Plaintiff's Motion to Strike Third-Party Complaint (ECF No. 11)

Rice argues that the Third-Party Complaint is improper and inefficient, in that the contractual obligations of ESS to Walbridge is controlled by state law and have no place in this FLSA action. Rice claims the Third-Party Complaint does not impact Rice or the FLSA claims against Walbridge since an employer cannot contract its responsibility to comply with FLSA. Rice claims it should not be required to participate in discovery relating to a business dispute involving a state law contract claim and would needlessly complicate the resolution of Rice's straightforward FLSA claim against Walbridge. Rice asserts ESS is not a necessary party because even if ESS could be found to be a joint employer with Walbridge, employers are jointly and severally liable under FLSA such that Rice can obtain complete from Walbridge alone.

Walbridge responds that Rice was an employee of ESS and ESS only. Walbridge did not classify Rice as an independent contractor and is not responsible for paying Rice. ESS's obligation under its agreement with Walbridge includes a

duty to defend Walbridge in this action. Walbridge asserts the Third-Party Complaint is permissible under Rule 14 of the Rules of Civil Procedure. Walbridge claims Rice cannot show that there is any Sixth Circuit law barring contractual defense and indemnification claims to proceed in an FLSA action. Walbridge further claims that it would be patently unfair to ESS to preclude its participation in a lawsuit that it could be forced to incur significant costs in connection with its defense and indemnification obligations.

Rule 14(a)(1) provides that, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). A party may move to strike, to sever or to try the third-party claim separately. Fed. R. Civ. P. 14(a)(4).

"The objective of Rule 14 is to avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or a part of plaintiff's original claim." 6 Wright & Miller Federal Practice and Procedure § 1442, at 202 (1971). Because Rule 14 is remedial in nature and designed to "avoid circuitry of action" it is to be liberally construed. *Hood v. Sec. Bank of Huntington*, 562 F. Supp. 749, 751 (S.D. Ohio 1983) (quoting *Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander*, 414 F.2d 143, 146 (6th Cir.1969)). The Sixth

Circuit has noted that, "[i]t is the theory of the rule that the defendant's right against the third party is merely the outgrowth of the same aggregate or core of facts which is determinative of the plaintiff's claim. In this view, the court which has jurisdiction over the aggregate of facts which constitutes the plaintiff's claim needs no additional ground of jurisdiction to determine the third-party claim which comprises the same core of facts. It is in this sense that the court is said to have ancillary jurisdiction over the third-party claim." *Lasa Per L'Industria Del Marmo*, 414 F.2d at 146.

Reviewing the Third Party Complaint by Walbridge against ESS, Walbridge is seeking a breach of contract claim based on ESS's duty under the contract to defend Walbridge against any action due to any claims by a party against Walbridge regarding ESS's employee. Although Rice in his Complaint does not identify the staffing company which provided staffing needs to Walbridge, the Court finds there is a factual issue based on the Third-Party Complaint that Rice is an employee of ESS or of Walbridge, or whether both could be considered "joint employers" under FLSA. Walbridge alleges that ESS has a duty to defend and indemnify Walbridge under the Master and Project Agreements. The FLSA claims against Walbridge by Rice, who may be an employee of ESS, necessitated the Third-Party Complaint filed by Walbridge. In order to determine if ESS has any liability to Walbridge as it

pertains to Rice, the Court finds that litigating the Third-Party Complaint is required to determine such.

The Court will exercise its discretion on retaining the Third-Party Complaint. Any issues regarding discovery, where Rice does not want to participate, can be addressed at a later time. Whether a separate trial is required on the Third-Party Complaint can also be addressed at a later time after discovery has been completed. Rice's Motion to Strike the Third-Party Complaint is denied.

**B.     Motion to Certify Class and Court-Authorized Notice (ECF No. 21)**

The Sixth Circuit Court of Appeals recently issued a decision in *Clark v. A&L Homecare and Training Center, LLC*, ___ F4th ___, 2023 WL 3559657 (May 19, 2023) vacating the district court's notice determination on a conditional certification as to other employees receiving notice of the suit. The Sixth Circuit has now set the standard for a district court to facilitate notice of an FLSA suit to other employees, rejecting the "conditional certification" practice which required a "modest factual showing" that other employees are "similarly situated" used by various district courts within the Circuit for over thirty years and adopting the "strong-likelihood standard" used in preliminary injunction motions. 2023 WL 3559657 at *4. "[W]e hold that, for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly

7

situated to the plaintiffs themselves." *Id*. Based on this standard, "a district court may promptly initiate discovery relevant to the motion [for court-approved notice to other employees], including if necessary by 'court order'." *Id*.

Rice in this case, moved for "conditional certification" based on the now rejected lenient standard of a "modest factual showing" that other employees are similarly situated to Rice. There was also no discovery conducted on the recently-announced standard as to whether other employees have a "strong likelihood" that they are similarly situated to Rice. The Court denies Rice's Motion to Certify Class and Court-Authorized Notice without prejudice to Rice renewing his request for notice to other employees based on the standard set forth in *Clark, supra*.

### III. CONCLUSION/ORDER

For the reasons set forth above, accordingly,

IT IS ORDERED that Plaintiff's Motion to Strike Third Party Complaint **(ECF No. 11)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Certify Class and Court-Authorized Notice **(ECF No. 21)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's Motion to Remove ECF 32 PageID.410 Exhibit A of Exhibit 1 **(ECF No. 33)** is GRANTED IN PART and DENIED IN PART. Because Exhibit A of Exhibit 1 is not a separate PDF entry in

ECF No. 32, the Clerk is unable to remove the requested exhibit without removing the whole document filed as ECF No. 32. ECF No. 32 as a whole is SEALED and REMOVED from public viewing. Defendant may refile ECF No. 32 with the appropriate redactions.

                                                          s/Denise Page Hood
                                                          DENISE PAGE HOOD
                                                          UNITED STATES DISTRICT JUDGE

DATED: June 13, 2023