UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COLIN RICE, Individually and for Others Similarly Situated, | Case No. 2:22-cv-11790 |
| v. | |
| WALBRIDGE ALDINGER, LLC, | Hon. Jonathan J.C. Grey |
| v. | |
| ENVIRONMENTAL & SAFETY SOLUTIONS, INC. | |

RICE'S OPPOSITION TO
WALBRIDGE'S MOTION FOR RECONSIDERATION (ECF 97)
OF ORDER ALLOWING DISCOVERY (ECF 94)

Jennifer L. McManus, P65976
**FAGAN MCMANUS PC**
25892 Woodward Avenue
Royal Oak, Michigan
(248) 542-6300 – Telephone
jmcmanus@faganlawpc.com

Richard J. (Rex) Burch
Federal ID 21615
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
(713) 877-8788 – Telephone
rburch@brucknerburch.com

Michael A. Josephson
Federal ID 27157
Andrew W. Dunlap
Federal ID 1093163
Alyssa White
Federal ID 1503716
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100 – Telephone
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

**ATTORNEYS FOR RICE
AND THE PUTATIVE COLLECTIVE MEMBERS**

## STATEMENT OF ISSUE PRESENTED

Should the Court reconsider its order on Rice's motion for discovery because another district court reached a different conclusion, even though that court's order was available to this Court prior to its ruling?

Plaintiff's Answer: No

## CONTROLLING AUTHORITY

**Rule**

Local Rule 7.1(h)(2)

**1. INTRODUCTION.**

Walbridge's motion for reconsideration fails because it does not satisfy the standard for such motions. E.D. Mich. L.R. 7.1(h)(2). "[A] movant must establish (i) a mistake by the Court, (ii) an intervening change in controlling law, or (iii) new facts which warrant a different outcome." *In re Flint Water Cases*, No. 5:16-cv-10444, 2024 WL 2725040, at *1 (E.D. Mich. May 28, 2024) (internal quotations omitted). Instead, Walbridge simply revives the same arguments advanced in response to the underlying motion. ECF 97 at 19–20. And it suggests this Court should reconsider its ruling (issued August 28, 2024) based on "new facts and applicable court decisions" issued by another judge in this district on August 2, 2024—nearly a month *before* this Court issued its order. *See id.* at 8 (citing ECF 94 and Ord. on Pl.'s Mot. to Comp. Disc. 1, Aug. 2, 2024, ECF 47, *Gray v. Walbridge Aldinger, LLC*, No. 2:23-cv-11672 (E.D. Mich.)).

But "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting J. Moore et al., Moore's Federal Practice § 134.02(1)(d), 134–36 (3d ed. 2011)). And "[a] motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). Because Walbridge fails to provide a valid legal reason the Court should reconsider its order, its motion must be denied.

**2. LEGAL STANDARDS.**

    **A.    Standard for motions for reconsideration.**

Motions for reconsideration of non-final orders are disfavored. E.D. Mich. L.R. 7.1(h)(2). To warrant reconsideration, the movant must prove:

    (A)    The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

    (B)    An intervening change in controlling law warrants a different outcome; or

    (C)    New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

*Id.*

    **B.    Standard of review for motions for reconsideration.**

Walbridge cites *Flint Water Cases* in support of its assertion the standard of review for motions based on L.R. 7.1(h)(2) "is comparable to the standard for altering or amending a judgment under Federal Rule of Civil Procedure 59(e)." ECF 97 at 16 (quoting *Flint Water Cases*, 2024 WL 2725040, at *1 (referencing *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (requiring movant demonstrate "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice"))). But the Sixth Circuit rejects that comparison for motions pursuant to this district's local rules. *See In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) ("[T]his approach makes

little sense in the Eastern District of Michigan, which has a local rule specifically providing for a motion for reconsideration.").

"When a party files a motion for reconsideration pursuant to the Eastern District's local rule," as Walbridge did, the Sixth Circuit "review[s] the district court's ruling on the motion using the standard set forth in the local rule." *Id.* (referencing *Indah v. U.S. Secs. And Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011)). Therefore, the appropriate standard of review on motions for reconsideration under this district's local rules is whether a district court abused its discretion. *Id.*

### 3.   BECAUSE WALBRIDGE FAILS TO SHOW RECONSIDERATION IS MERITED, ITS MOTION FAILS.

Walbridge's motion for reconsideration is little more than a plea for this Court to change its own decision because a different court reached a different decision in a different case—not because new facts have come to light or because this Court made a mistake—but because the change would benefit Walbridge. Even Walbridge knows its "disfavored" motion is an unmeritorious Hail Mary. E.D. Mich. L.R. 7.1(h)(2). When Walbridge asserts this Court's order is "inconsistent" with the one in *Gray*, it cannot (and does not try to) claim that order is binding on this Court. ECF 97 at 17. Likewise, Walbridge cannot (and does not) argue the *Gray* litigation unearthed any new facts that would warrant a different outcome. *Id.* at 17–21. Instead, Walbridge asserts that, "in the interests of consistency," this Court should disregard its own findings to save Walbridge

from "conflicting discovery rulings" so it will not be "force[d] … to litigate the same issues before two separate courts." *Id.* at 18, 20–21.

That's not grounds for reconsideration under this Court's Rules (any more than it would be grounds for *Gray* to ask reconsideration in that court). Under Local Rule 7.1(h)(2)(A), Walbridge would need to establish the Court made a mistake that, if corrected, would change the outcome of the order. E.D. Mich. L.R. 7.1(h)(2)(A). Yet Walbridge says only that "at most, Rice is entitled to the same discovery as Gray with respect to Walbridge employees." ECF 97 at 18.

Again, the order in *Gray* is by another court in this district and thus is not authority binding on this (or any other) Court. *Camreta*, 563 U.S. at 709 n.7. So any difference between the two orders in the two different cases indicates just that—a difference, not a mistake. Walbridge points to no controlling authority indicating this Court applied a standard incorrectly, exceeded its authority, acted contrary to law, or made any "mistake" when it issued its order. ECF 97 at 17–21. Walbridge cites only decisions highlighting a court's discretion to "limit" and "balance" discovery. *Id.* at 19–20 (citing *In re Ohio Execution Protocol Litig.*, 845 F.3d 231 (6th Cir. 2016) and *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009)). But the broad discretion afforded district courts by definition means that reasonable minds might reach different conclusions. This Court exercised its discretion, it did not abuse it.

Absent from Walbridge's briefing is any controlling case suggesting the Court abused its discretion or made a mistake when it issued the discovery order here.

Walbridge merely revisits the arguments it made in its initial response to Rice's motion to compel discovery. *See* ECF 35 at 6–8, 15 (arguing Rice is not Walbridge employee and not similarly situated to Walbridge employees); ECF 97 at 17 (same); *see also* ECF 35 at 10–12 (arguing discovery is not proportional); ECF 97 at 17 (same).

"A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments…." *Saltmarshall v. VHS Children's Hosp. of Mich., Inc.*, 402 F. Supp. 3d 389. 393 (E.D. Mich. 2019). And Walbridge's motion does no more. Because Walbridge can point to no mistake made by the Court under Local Rule 7.1(h)(2)(A), its motion should be denied.

Walbridge's motion likewise fails under Local Rule 7.1(h)(2)(B) and (C). That's because Walbridge cannot point to any "intervening change in controlling law" or "[n]ew facts warrant[ing] a different outcome[.]" E.D. Mich. L.R. 7.1(h)(2)(B)–(C). The district court's ruling in *Gray* revealed no new facts, it was issued twenty-six days prior to this Court's order, and it is not controlling authority for this Court. ECF 94 (issued August 28, 2024); Ord. on Pl.'s Mot. to Comp. Disc. 1, Aug. 2, 2024, ECF 47, *Gray*, No. 2:23-cv-11672; *Camreta*, 563 U.S. at 709 n.7.

Walbridge's argument that the *Gray* order justifies reconsideration of the Court's order rests largely on its recycled argument denying it employed Rice. ECF 97 at 8. This (disputed) assertion is not a new fact; Walbridge alleged it in its response to Rice's motion to compel discovery. *See* ECF 35 at 15 (alleging Rice "was not hired by, employed by, or paid by Walbridge"). Here, Walbridge simply throws the *Gray* ruling

into the same hopper. *See* ECF 97 at 8 (arguing this case "was brought by an individual hired by a third-party company that supplies personnel to Walbridge" while Gray's lawsuit "was brought by an individual directly employed by Walbridge"). According to Walbridge's logic, "[i]f discovery of Walbridge employees is appropriate, it should be addressed in the *Gray* Litigation, not here." *Id.*

Walbridge does not offer new controlling authority, new facts, or even a new argument. It offers only the same arguments this Court rightly rejected when it issued its order. ECF 94. And "[o]ld arguments re-presented will not justify reconsideration." *Saltmarshall*, 402 F. Supp. 3d at 393. Motions for reconsideration of non-final orders are disfavored. E.D. Mich. L.R. 7.1(h)(2). And because Walbridge's motion fails to satisfy any of the requirements for such a motion to be granted, it should be denied. *Id.*

**4. CONCLUSION.**

For the stated reasons, Rice respectfully requests the Court deny Walbridge's Motion for Reconsideration in its entirety.

**Date: January 3, 2025**        Respectfully submitted,

**JOSEPHSON DUNLAP LLP**

By: /s/ *Alyssa White*
   **Michael A. Josephson**
   Federal ID 27157
   **Andrew W. Dunlap**
   Federal ID 1093163
   **Alyssa White**
   Federal ID 1503716
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
mjosephson@mybackwages.com
adunlap@mybackwages.com
awhite@mybackwages.com

**Richard J. (Rex) Burch**
Federal ID 21615
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

**Jennifer L. McManus**
Bar No. P65976
**FAGAN MCMANUS PC**
25892 Woodward Avenue
Royal Oak, Michigan
(248) 542-6300 – Telephone
jmcmanus@faganlawpc.com

**ATTORNEYS FOR RICE AND THE PUTATIVE COLLECTIVE MEMBERS**

## **CERTIFICATE OF SERVICE**

I served a copy of this document on all counsel of record via ECF electronic filing on January 3, 2025.

<i>/s/ Alyssa White</i><br>
<b>Alyssa White</b>