UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COLIN RICE, Individually and for Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 2:22-cv-11790 |
| vs. | ) ) ) Hon. Jonathan J.C. Grey |
| WALBRIDGE ALDINGER, LLC, | ) ) ) |
| Defendant/Third-Party Plaintiff, | ) ) ) ) |
| vs. | ) ) ) |
| ENVIRONMENTAL & SAFETY SOLUTIONS, INC., | ) |
| Third-Party Defendant. | |

_____/

Jennifer L. McManus (P65976)
**FAGAN MCMANUS, PC**
25892 Woodward Ave.
Royal Oak, MI  58067-0910
(248) 542-6300
Attorneys for Plaintiff
jmcmanus@fganlawpc.com

Michael. A. Josephson
Texas Bar No. 24014780
 mjosephson@mybackwages.com
Andrew W. Dunlap
Texas Bar No. 24078444
adunlap@mybackwages.com
Alyssa White
Texas Bar No. 24073014
awhite@mybackwages.com

Connie M. Cessante (P40935)
Brian D. Shekell (P75327)
Hannah K. Reisdorff (P80101)
**CLARK HILL PLC**
500 Woodward Avenue, Suite 3500
Detroit, MI  48226
(313) 965-8300
Attorneys for Defendant/Third-Party Plaintiff
ccessante@clarkhill.com
bshekell@clarkhill.com
hreisdorff@clarkhil.com

**Josephson Dunlap LLP**
11 Greenway Plaza, Ste. 3050
Houston, TX  77046
(713) 352-1100
and
Richard J. (Rex) Burch
Texas Bar No. 24001807
**Brucker Burch PLLC**
11 Greenway Plaza, Ste. 3025
Houston, TX  77046
(713) 877-8788
rburch@brucknerburch.com
Attorneys for Plaintiff

---

**WALBRIDGE ALDINGER'S REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION OF ORDER GRANTING
PLAINTIFF'S MOTION FOR DISCOVERY**

## INTRODUCTION

Plaintiff's Response to Defendant Walbridge Aldinger LLC ("Walbridge")'s

Motion for Reconsideration (the "Motion") highlights why the Motion should be

granted. In its Motion, Walbridge argues that the existence of new facts and

applicable court decisions in the related case of *Gray v. Walbridge Aldinger LLC*,

Case No. 2:23-cv-11672 warrants this Court revisiting its prior Order on Plaintiff's

Motion for Discovery (ECF No. 94) and issuing a new decision. Specifically,

Walbridge argues that a decision from the *Gray* court regarding the scope of relevant

discovery to which Plaintiff is entitled, with respect to individuals directly employed

by Walbridge, is inconsistent with what this Court ordered on the exact same issue.

As Walbridge argues in its Motion, the presence of competing and conflicting

decisions between two courts in this District over the same issue should be avoided.

*See* ECF No. 97; *see also DIK Drug Co. v. Altana Pharma AG*, No. 07-5849 (JLL),

2008 WL 2264586, at *2 (D.N.J. June 2, 2008) (granting motion for reconsideration

to coordinate litigation of multiple cases based "the Court's prior decision in a case

involving similar differences").

Plaintiff's Response to the Motion largely ignores this argument and focuses

on rebutting arguments Walbridge does not make and standards Walbridge is not

relying on. In doing so, Plaintiff does not deny Walbridge's primary basis for

bringing the Motion—that the *Gray* court issued an order on the plaintiff's motion

to compel that is inconsistent with this Court's August 28, 2024 Order granting in part Plaintiff's Motion for Discovery (the "Order"). *See* ECF No. 97. Nor does Plaintiff argue or assert that the scope of the court's order in *Gray* prejudices or negatively impacts Plaintiff's ability to get relevant discovery applicable to this matter.

At bottom, Plaintiff's Response does not address or even take issue with the serious concerns and implications associated with having competing and inconsistent discovery rulings over identical issues by multiple courts in this District. The Response fails to assert or articulate any harm that would result from modifying this Court's Order to conform to the *Gray* court's order, particularly where the *Gray* case is solely related to claims brought on behalf of direct Walbridge employees, while the *Rice* litigation is primarily focused on wages paid to individuals who were supplied to Walbridge by third-party staffing companies.

For the reasons stated in the Motion and herein, Walbridge respectfully requests that this Court grant its Motion for Reconsideration.

## LEGAL ARGUMENT

The parties are in agreement that Local Rule 7.1(h)(2) limits the grounds upon which a party may bring a motion for reconsideration to the following:

(A)   The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B)     An intervening change in controlling law warrants a different outcome; or

(C)     New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.[1]

Plaintiff argues that reconsideration of the Order is inappropriate because there is no evidence that the Court made a mistake when entering it. *See* ECF No. 104, PageID.1198. He likewise argues that reconsideration is inappropriate because Walbridge has not identified a change in the law that would warrant a different outcome. *Id.* at PageID.1199. Walbridge, however, makes no such arguments. As mentioned above, there are three grounds upon which a party may bring a motion for reconsideration. Walbridge only relies on L.R. 7.1(h)(2)(C)—the existence of new facts warranting a different outcome—to support its Motion.

Plaintiff also spends considerable time arguing that reconsideration of the Order is improper because the *Gray* court's order is not binding on this Court. That is true. However, the very existence of the order in *Gray* **is** a new fact that Walbridge could not address at the time of its briefing and oral arguments on Plaintiff's Motion for Discovery, and the *Gray* order concerns the production of documentation related to the same putative class members making identical allegations as those in *Rice*.  It therefore merits consideration at this stage, consistent with L.R. 7.1.(h)(2)(C).

---

[1] At this stage, the appropriate standard of review of a decision on a motion for reconsideration is irrelevant. *See* ECF No. 104, PageID.1196-1197. Plaintiff's inclusion of as much should therefore be ignored.

With the Motion for Reconsideration properly before the Court, Plaintiff's attempt to create distance between the *Rice* and *Gray* cases and the relevant discovery-related Orders in each is unavailing. Plaintiff argues, "Walbridge's motion for reconsideration is little more than a plea for this Court to change its own decision because a different court reached a different decision in a different case—not because new facts have come to light" and "any difference between the two orders in the two different cases indicates just that—a difference, not a mistake." ECF No. 104, PageID.1197, 1198. This argument is a red herring and ignores the reality of the two lawsuits brought by the same Plaintiffs' counsel. The *Rice* and *Gray* cases are closely related. In addition to the fact that both cases relate to the same allegedly improper pay practice from Walbridge, the putative class members in *Gray* are, by definition, also encompassed by alleged putative class in *Rice*. *See* ECF No. 1, PageID.14 ¶ 120 ("The FLSA Collective of similarly situated workers consists of: All individuals employed by or working on behalf of [Walbridge] and paid according to its straight time for overtime pay plan in the past three (3) years (Putative Class Members)"); *cf Gray*, Case No. 2:23-cv-11672, ECF No. 1, PageID.3, ¶ 20 ("The putative collective of similarly situated employees is defined as: All Walbridge employees who were paid straight time for overtime at any time during the past 3 years ("Straight Time Employees")").

4

Any discovery produced in *Gray* will inevitably overlap with that in *Rice*. Plaintiff does not deny this overlap, nor does he deny that the Order conflicts with that in *Gray*. Accordingly, in the interests of consistency and practicality, discovery related to the Walbridge-employed putative class members in *Rice* should mirror the discovery related to putative class members in *Gray*.

In addition to these concerns, the exact parameters of discovery in any case are dependent on the needs of *that case*. The scope of discovery in any case is contained to that which is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b); *see Williams v. Senior Village Management, LLC*, No. 2:22-CV-03420, 2023 WL 8100835 at *1 (S.D. Ohio, Nov. 20, 2023 ("*Clark* [*v. A&L Homecare*] does not mandate discovery…", nor does it modify the relevance and proportionality requirements of Fed. R. Civ. P. 26). Documents that are appropriate for production in one case may not be in another, and likewise, a request may not appear to be overly broad at the outset of litigation but may clearly become so as the case continues on (*i.e.*, it may become a fishing expedition). *See Fraser v. Livingston Cty.*, No. 09-14906, 2011 WL 13324516, at *5 (E.D. Mich. Mar. 25, 2011) (quoting *Netto v. Amtrak*, 863 F.2d 1210, 1216 (5th Cir. 1989)) ("[A] plaintiff's entitlement to discovery before a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that

5

the requested discovery will not be likely to produce facts he needs to withstand a summary judgment motion.")

The *Gray* court's order had this limiting effect. Contrary to Plaintiff's assertion, Walbridge's Motion is not an attempt to narrow the scope of discovery for the sake of narrowing the scope. Indeed, if Walbridge's sole aim was to limit the scope of this Court's Order, it would have filed a motion for reconsideration or for interlocutory appeal immediately upon its issuance. Instead, Walbridge continued to engage in discussions with Plaintiff's counsel to develop a comprehensive discovery plan—which would include the production of documents related to both Walbridge employees and staffed workers—and in the meantime, the *Gray* Court issued its Order.

Once the Order in *Gray* existed, the landscape of *both* cases changed, thus necessitating the Motion for Reconsideration for the reasons set forth in that Motion and herein. During the pendency of the Motion for Reconsideration, Walbridge has continued to try work out a compressive discovery plan applicable to both *Rice* and *Gray*—again, underscoring the fact that Walbridge is trying to move cases forward while also laying the groundwork to ensure consistency in both cases, should the parties not reach an agreement on such a comprehensive plan. This Court should therefore reconsider its Order in light of the new *Gray* order and revise it accordingly.

# CONCLUSION

For the reasons stated above, Defendant Walbridge Aldinger LLC respectfully requests that this Court grant its Motion for Reconsideration and grant any other relief this Court deems reasonable.

Respectfully Submitted,

CLARK HILL PLC

*/s/ Brian D. Shekell*

Connie M. Cessante (P40935)
Brian D. Shekell (P75327)
Hannah K. Reisdorff (P80101)

Date: January 27, 2025

## CERTIFICATE OF SERVICE

The undersigned certifies that she electronically filed the foregoing document with the Clerk of the Court through means of the Case Management Electronic Filing System on January 27, 2025, which will cause notification of such filing to be sent to all parties and/or attorneys of record for all parties, to the above case at their respective addresses and as indicated on the pleadings.

*/s/ Pamela Bright*
Pamela Bright

7