# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

COLIN RICE, Individually and for
Others Similarly Situated,

    Plaintiff,

vs.

WALBRIDGE ALDINGER, LLC,

    Defendant/Third-Party Plaintiff,

vs.

ENVIRONMENTAL & SAFETY SOLUTIONS, INC.,

    Third-Party Defendant.

Case No. 22-cv-11790

Hon. Jonathan J.C. Grey

_____/

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 97)

In this collective action case alleging deprivation of overtime wages, Defendant/Third Party Plaintiff Walbridge Aldinger, LLC's ("Walbridge") filed a motion for reconsideration of this Court's August 28, 2024 Order on class discovery. (ECF No. 97.) Walbridge contends that new applicable court decisions in a similar case have arisen such that the Court should revisit its prior decision and narrow the scope of discovery.

Walbridge chiefly bases its motion on *Patrick Gray v. Walbridge Aldinger LLC*, Civil Action No. 2:23-cv-11672 (the "Gray Case").[1]

## I. BACKGROUND

On August 3, 2022, Colin Rice filed a putative collective action complaint against Walbridge alleging violations of the Fair Labor Standards Act ("FLSA"). (ECF No. 1.) Walbridge then filed a third-party complaint against Environmental & Safety Solutions, Inc. ("ESS"). (ECF No. 9.) On June 13, 2023, the Court denied Rice's motion to certify class and authorize notice to potential opt-in plaintiffs and Rice subsequently filed a motion for discovery regarding potential opt-in plaintiffs. (ECF No. 86.) Walbridge opposed this motion and argued that Rice was only entitled to discovery for his individual claims. (ECF No.87.)

On May 10, 2024, the Court held a hearing on the discovery motion. (*See* ECF No. 93.) At the hearing, Rice argued that he is entitled to discovery which this Court had already established in its August 11, 2023 order. Walbridge countered by continuing to argue it was not Rice's employer and request to narrow discovery. In reply, Rice argued that it

---

[1] The Court finds that oral argument will not aid in its disposition of the motions; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

was premature to make any determination on the employer argument at the notice stage because that consists of a determination on the merits. (*Id.* at PageID.1088.)

On August 28, 2024, this Court granted Rice's motion for discovery with some restrictions. (ECF No. 94.) In short, the Court allowed for discovery consistent with Rice's claims and covering some potentially "similarly situated" individuals. (*Id.*) The Court precluded the provision of identifying or contact information for any potential plaintiffs. (*Id.*)

On October 9, 2024, Walbridge submitted a motion for reconsideration on the grounds that Rice was not a direct employee of Walbridge, new facts exist, and review of *Gray* warrants narrower discovery. (ECF No. 97.) Walbridge contends that the holding in *Gray* and the ruling before this Court will result in competing and conflicting decisions on matters that involve the same counsel, the same defendant, and similar allegations and legal claims. (*Id.* at PageID.1116.)

The *Gray* court limited discovery to a specific group of direct Walbridge employees. However, this Court allowed for broader discovery of a group not directly employed by Walbridge. Walbridge insists that if

3

the discovery of their employees is appropriate, it should be addressed in the *Gray* case, not here.

On January 3, 2025, Rice filed a response opposing Walbridge's motion for reconsideration. (ECF No. 104.) Rice alleges that Walbridge's motion must be denied because it does not satisfy the standard for motions under E.D. Mich. L.R. 7.1(h)(2). Specifically, Rice states that Walbridge failed to establish a: (1) mistake by the court; (2) intervening change in controlling law; or (3) new facts which warrant a different outcome.

## II. STANDARD

Eastern District of Michigan Local Rule 7.1(h) provides, in relevant part:

(h) Motions for Rehearing or Reconsideration.

\* \* \* \* \*

(2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

4

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

(3) No Response and No Hearing Allowed. No response to the motion and no oral argument are permitted unless the court orders otherwise.

To succeed on a motion for reconsideration, the movant "must show that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome." *Dassault Systèmes, SA v. Childress*, 828 F. App'x 229, 236–37 (6th Cir. 2020) (citation omitted). Moreover, "[a] motion for reconsideration is not intended as a means" for a party to rehash arguments that the Court has rejected. *Saltmarshall v. VHS Children's Hosp. of Michigan, Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019).

## III. ANALYSIS

### A. Applicable Standard

The Court notes that the parties briefly discuss the applicable standard, and ultimately agree that Eastern District of Michigan Local Rule Local Rule 7.1(h)(2) applies here. (*See* ECF No. 104, PageID.1196; ECF No. 107, PageID.1213.)

L.R. 7.1(h)(2) provides three reasons for reconsideration. *See Hillman Power Co., LLC v. On-Site Equip. Maint., LLC*, 582 F. Supp. 3d 511 (E.D. Mich. 2022). Therefore, Rice correctly asserts that the appropriate standard for a motion for reconsideration is the standard set forth in the Local Rule. *See id.*; *Patel v. General Motors Co.*, No. 1:19-cv-11009, 2023 WL 3974227, *4 n.4 (E.D. Mich. June 13, 2023) (concluding that movant's cited authority which allows motions for reconsideration on "manifest injustice" grounds was decided before "updates to the local rules, which allow for reconsideration only on the grounds" in the rule).

Walbridge argues that the *Gray* decision constitutes a new fact which justifies reconsideration. (ECF No. 107, PageID.1213.) However, as presented, the arguments that relate to the *Gray* case blur the line between 7.1(h)(2)(B) and E.D. Mich. L.R. 7.1(h)(2)(C). The Court considers whether any of Walbridge's presented arguments on the *Gray* case warrant a grant of their motion on either basis.

### B. The *Gray* Opinion Is Not Grounds for Reconsideration

#### 1. Intervening Change in Controlling Law

Walbridge argues that the since the determination in the *Gray* case found that the proportional discovery for Patrick Gray, in discovery for

6

similarly situated plaintiff's, "should relate only to Safety Engineers" (ECF No. 97, PageID.1125), Rice's discovery for the same purpose should be just as limited and the broader characterization granted in this Court's prior order should be reconsidered. The Court construes this as an argument that the *Gray* case amounts to intervening controlling law that requires a different result pursuant to 7.2(h)(2)(B). The Court is not persuaded by this argument.

Authority presented pursuant to 7.1(h)(2)(B) must be determined after the issue being address by the motion for reconsideration. *See Choon's Design LLC v. Anhetoy*, No. 22-12963, 2023 WL 6304683, at *3 (E.D. Mich. Sept. 26, 2023) ("a decision issued seven years ago simply cannot constitute an intervening change") (internal quotation marks omitted). The authority must also be binding on the court hearing the motion for reconsideration to be considered controlling law. *See Hillman*, 582 F. Supp. 3d at 515-16. Generally, unreported cases are not sufficient. *Id.* at 516. (citing *Bonga v. Smith*, No. 10-CV-10013, 2010 WL 431717, at *3 (E.D. Mich. Feb. 2, 2010)). Additionally, "a district court's opinion is never binding precedent." *Id.* (quoting *Malam v. Adducci*, 469 F.Supp.3d 767, 788 (E.D. Mich 2020)) (internal quotation marks omitted).

7

Here Walbridge relies on an order by a Magistrate Judge and subsequent opinion and order overruling objections and affirming that order in the ongoing *Gray* litigation. Chief Magistrate Judge Grand issued his order regarding the contested scope of discovery on August 2, 2024. Judge DeClercq entered her opinion and order adopting the determination on September 19, 2024.

Neither Judge Grand nor Judge DeClercq's orders are binding on this Court. *See id.* Further, the initial order occurred prior to this Court's August 28, 2024 order. (ECF No. 94.) Although oral argument in this case was held before the *Gray* order issued, Walbridge had the ability to raise its argument based on the order to this Court before an opinion was issued. The orders in the *Gray* case do not amount to an intervening change in controlling law that warrants a different outcome here.

### 2. New Facts

E.D. Mich. L.R. 7.1(h)(2)(C) requires that the new facts "warrant a different outcome" and that they could not have been discoverable with "reasonable diligence before the prior decision." A motion for reconsideration cannot be used for a "losing party to attempt to supplement the record with previously available evidence" *United States*

8

*v. Lamar*, No. 19-cr-20515, 2022 WL 327711, at *1 (E.D. Mich. Feb. 3, 2022). Any arguments based on previously addressed issues cannot constitute new facts. *See id.* at *2 (moving party raised concerns about prion's treatment of the COVID-19 that were raised in a prior filing).

What amounts to reasonable diligence for L.R. 7.1(h)(2)(C) purposes is construed broadly, and typically if the alleged new information was accessible before the prior decision was issued, it could have been found with reasonable diligence. *See ABO Staffing Services, Inc v. UnitedHealthcare Ins. Co.*, No. CV 22-11696, 2023 WL 3293277, at *1 (E.D. Mich. May 5, 2023) (discrepancy in an underlying application could have been discovered with reasonable diligence because "the [c]ourt [was] not convinced the [moving party] did not have access to the original documents" at issue); *Rouse v. Washington*, No. CV 20-cv-11409, 2022 WL 1444437, at *2 n.2 (E.D. Mich. May 6, 2022) (an article published two days before the movants reply deadline could have been discovered with reasonable diligence before the court issued their determination).

Walbridge does not raise any new facts which were uncovered or discussed in *Gray*. Walbridge had the opportunity to move to supplement

9

the record in this case with their arguments based on the narrow order in *Gray* but did not do so.

When there is an opportunity to supplement the record before an order e then it cannot constitute a motion for reconsideration on new facts. *See Choon's Design LLC*, 2023 WL 6304683 at *4 (noting party's failure to use reasonable diligence when they did not move to supplement the record in the two weeks between the hearing and decision); *United States v. Tyler*, No. 21-20744, 2023 WL 2991653, at *3 (E.D. Mich. Apr. 18, 2023) (quoting *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) (concluding that a case filed before the prior decision was issued cannot be "new authority"). Accordingly, the Court concludes that Walbridge did not exercise reasonable diligence, and the arguments based on the *Gray* case cannot sustain its motion on L.R. 7.1(h)(2)(C) grounds.

For the reasons stated above, the arguments Walbridge assert based on the orders in *Gray* are not sufficient to sustain its motion for reconsideration pursuant to L.R. 7.1(h)(2).

### 3. Mistake of Law

Walbridge argues that "ordering the production of Walbridge employee records . . . is inappropriate" since ESS stated on the record that they were Rice's employer. (ECF No. 97, PageID.1128.) The Court construes this as an argument that the court made a mistake pursuant to L.R. 7.1(h)(2)(A).

This argument is improper in two respects. First, Walbridge has consistently raised the argument about the fact that Rice was not a direct previous employee, rather Rice was employed by ESS. Walbridge has sufficiently raised its concerns in its answer to Rice's initial complaint and all documents that have followed. (ECF No. 7, PageID.35.) Although this Court recognizes Walbridge's claim, a motion for reconsideration is not a vehicle for rehashing issues previously addressed. A motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled. *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000).

Second, the motion itself does not satisfy the requirements for such motions under E.D. Mich. L.R 7.1(h)(2). Walbridge's employer argument

11

presents neither a mistake by the Court, an intervening change in controlling law, nor new facts which warrant a different outcome.

For a movant to succeed on a motion for reconsideration pursuant to L.R. 7.1(h)(2)(A) they must show that "(1) the court made a mistake (2) that correcting the mistake changes the outcome of the prior decision, (3) that the mistake was based on the record and law before the court at the time of its prior decision." *Hillman*, 582 F. Supp. 3d at 515. "The purported mistake must be some substantive error in the court's legal analysis or factual findings based on the record at the time of the decision--- it cannot be the outcome itself" *United Wholesale Mortg., LLC v. Am.'s Moneyline, LLC*, No. 22-10228, 2025 WL 502743, at *2 (E.D. Mich. Feb. 14, 2025) (quoting *Good v. Biolife Plasma Servs., L.P.*, 647 F. Supp. 3d 555, 559-60 (E.D. Mich 2022)) (internal citations omitted).

The Court made its scope of discovery determination based on Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) allows parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Trial courts are granted broad discretion in controlling the scope of discovery" within the parameters of this rule. *Bush v. Dickerson,* No. 16-6140, 2017 WL 3122012, at *4 (6th

Cir. May 3, 2017) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). In exercising this discretion district courts have the authority to "limit the scope of discovery when information sought is overbroad or unduly burdensome" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016).

Here, Walbridge challenges the Court's partial grant of Rice's request for a list of Walbridge employees who were paid straight time for overtime. (ECF No. 94, PageID.1099.) The Court authorized "anonymized pay records, timesheets, and personnel files" of these employees. (ECF No. 94, PageID.1099.) The discovery was sought for the narrow issue of gathering information on potentially similarly situated individuals so Rice could move for the court to facilitate notice of the lawsuit.[2]

Walbridge challenged Rice's motion for discovery by asserting it was overbroad to order discovery of Walbridge employees given ESS's admissions to their employer-employee relationship with Rice. (ECF No. 93, PageID.1084.) The Court rejected this argument when it ruled on the

---

[2] Plaintiffs in a FLSA lawsuit now face a higher burden for getting a determination to facilitate notice. Now they "must show a 'strong likelihood' that [the requested] employees are similarly situated to the plaintiff's themselves" *Clark v. A&L Homecare & Training Ctr.*, 68 F.4th 1003, 1011 (6th Cir. 2023). Rice's discovery request is permissible under *Clark* because district courts are meant to make these determinations "only after the record for that issue is fully developed." *Id.*

motion for class discovery because it was an attack on the merits of Rice's case, and a merits determination should not be rendered under the guise of a scope of discovery ruling. *See Palltronics, Inc. v. PALIoT Sol., Inc.*, No. 22-12854, 2025 WL 1447376, at *10 (E.D. Mich. May 20, 2025) (citing *Knox Trailers, Inc v. Clark*, No. 20-CV-137, 2022 WL 163696, at *5 (E.D. Tenn. Jan. 18, 2022)) ( "[An] argument on the merits is more appropriate for a dispositive motion and is not well-taken as the parties engage in discovery." ).

Walbridge now argues that by accepting the allegations as they were in the complaint and disregarding the merits arguments, this Court did not give enough weight to the context of the record. (ECF No. 97, PageID.1127.) Walbridge further asserts that given the admissions by ESS in the record, a more appropriate order would have been to order discovery into the Rice-Walbridge employment relationship or in the alternative deny the requests for Walbridge employee's information. (ECF No. 97, PageID.1128.) Walbridge fails to point to a substantive error in the Court's legal analysis.

The authority that Walbridge relies on is distinguishable from the Court's decision on Rice's motion because both involved discovery as it

14

relates to resolving a motion for summary judgment. *See Fraser v. Livingston County*, Case No. 09-14906, 2011 WL 13324516 (E.D. Mich. Mar. 25, 2011); *Sango v. Bastian*, No. 2:15-CV-105, 2016 WL 1465560 (W.D. Mich Apr. 14, 2016). Where the reason for discovery is surviving a dispositive motion, considerations of the merits are warranted. In the context of this case, the parties are engaging in traditional discovery and as noted above that it is not the proper time to entertain arguments on the merits. *See Palltronics,* 2025 WL 1447376, at *10. Consequently, this Court was well within its discretion when it partially granted Rice's discovery request based on the record at the time, where there were no challenges to the Rice-Walbridge employment relationship through the proper procedural channel. Further, to the extent that Rice's original request presented proportionality concerns, the Court required anonymized records and an expedited timeline to reduce the likelihood of overbroad and drawn-out discovery.

To summarize, the only grounds on which a motion for reconsideration can be brought are listed within L.R. 7.1(h)(2) and Walbridge failed to sufficiently raise their arguments on any of these grounds. There has been no proof of fact that this Court (1) made a

15

mistake, (2) a change in controlling law has occurred, or (3) new facts within this case that warrant a different outcome. Bringing in the *Gray* case for additional support does not automatically trigger the local rules.

### IV. CONCLUSION

For the foregoing reasons, this Court agrees with Rice that the standard applied by Walbridge is not the appropriate standard of review for motions of reconsideration under this district's local rules and further, did not sufficiently satisfy the grounds for bringing this motion.

Accordingly, **IT IS ORDERED** that the motion for reconsideration (ECF No. 97) is **DENIED**.

s/Jonathan J.C. Grey
Hon. Jonathan J.C. Grey
United States District Judge

Date: August 25, 2025

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2025.

        **s/ S. Osorio**
        Sandra Osorio
        Case Manager