**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

COLIN RICE, Individually and for Others Similarly Situated,

Plaintiff,

v.

WALBRIDGE ALDINGER, LLC,

Defendant/Third-Party Plaintiff,

v.

ENVIRONMENTAL & SAFETY SOLUTIONS, INC.,

Third-Party Defendant.

Case No. 22-cv-11790

Hon. Jonathan J.C. Grey

______________________________________________________/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO ENFORCE AND FOR SANCTIONS (ECF No. 113) AND GRANTING MOTION TO EXTEND TIME TO MOVE FOR COURT-AUTHORIZED NOTICE (ECF No. 116)**

On October 10, 2025, Plaintiff Colin Rice filed a motion entitled "motion to enforce orders compelling discovery and for sanctions." (ECF No. 113.) On November 12, 2025, Rice filed a motion to extend time to move for court-authorized notice. (ECF No. 116.) Both motions are fully

briefed.[1] (ECF Nos. 114–115, 117–118.) For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Rice's motion to enforce and for sanctions (ECF No. 113) and **GRANTS** Rice's motion to extend time to move for court-authorized notice (ECF No. 116).

## I. BACKGROUND

On August 3, 2022, Rice filed a putative collective action complaint against Defendant Walbridge Aldinger LLC ("Walbridge"), alleging violations of the Fair Labor Standards Act ("FLSA"). (ECF No. 1.) Under "[t]he [p]arties" section of the complaint, Rice alleges:

> Plaintiff brings this action on behalf of himself and all similarly situated workers who were paid by [Walbridge]'s straight time for overtime pay plan. [Walbridge] classified these workers as independent contractors, paid them straight time for overtime for hours worked in excess of 40 in a workweek, and failed to pay them overtime at a rate of one and one-half times their regular rate of pay, in violation of the FLSA.
>
> The FLSA Collective of similarly situated workers consists of:
>
> **All individuals employed by or working on behalf of [Walbridge] and paid according to its straight time for overtime pay plan in the past three (3) years (Putative Class Members).**

[1] The Court finds that oral argument will not aid in its disposition of the motion; therefore, it dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

(ECF No. 1, PageID.3–4 (emphasis in original).)

On December 8, 2023, Rice filed a motion to allow discovery regarding potential opt-in plaintiffs. (ECF No. 86.) On May 10, 2024, the Court held a hearing on the motion. (*See* ECF No. 93.) On August 28, 2024, the Court granted Rice's discovery motion and ordered Walbridge to provide discovery for two groups of workers: those that were staffed to Walbridge and those that Walbridge directly employed. (ECF No. 94.) As to putative class members *staffed* to Walbridge, the Court ordered Walbridge to produce "discovery on any information about the individuals that were staffed that does not include identifying or contact information." (*Id.*, PageID.1098.) As to the putative class members *directly employed* by Walbridge, the Court ordered production of "anonymized pay records, timesheets, and personnel files." (*Id.*, PageID.1099.)

The Court laid out its decisions in the following chart:

| **Rice's Request** | **Decision** |
|---|---|
| A list of all putative class members staffed to defendant via a staffing company during the relevant period. | Partially allowed. To the extent that this information exists, Rice may have discovery on any information about the individuals that were staffed that does not include identifying or contact information. (e.g., number of workers staffed, worker identification numbers, and location/office assignments.) |
| A list of putative class members **(workers paid straight time for overtime)** defendant employed directly. | Partially allowed. Plaintiff may have anonymized pay records, timesheets, and personnel files. Plaintiff is not entitled to any information that could be used to identify workers or any contact information for workers. |

(*Id.*, PageID.1098–1099 (emphasis added).) Notably, the Court's order specifically highlighted "Walbridge's pattern of opposition to the requested discovery," and instructed Walbridge "to give [its] order the broadest possible interpretation to avoid any further discovery disputes." (*Id.*, PageID.1100.)

On October 9, 2024, Walbridge filed a motion for reconsideration of the Court's discovery order. (ECF No. 97.) The Court denied Walbridge's motion (ECF No. 108) and, on August 25, 2025, set the following pre-notice discovery schedule:

| **Pre-notice discovery plan** | **Deadline** |
|---|---|
| Completion of all pre-notice discovery | Within 30 days of this order [September 24, 2025] |
| Plaintiff's motion for court facilitated notice ("CFN") | Within 90 days of this order [November 23, 2025] |
| Defendant's opposition to motion for CFN | Within 21 days of service of motion |
| Plaintiff's reply in support of CFN | Within 14 days of service of response |

(ECF No. 109, PageID.1236.)

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 37(b)(2)(A) provides that, "[i]f a party … fails to obey an order to provide or permit discovery, … the court where the action is pending may issue further just orders."

According to Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v.*

*DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992)).

## III. ANALYSIS

### A. Motion to Enforce and for Sanctions

Rice argues that, based on the complaint's putative class definition (ECF No. 1, PageID.3–4), the Court's discovery-related orders (ECF Nos. 94, 108, 112), and Walbridge's *own admissions*, the Court should require Walbridge to produce discovery for "all individuals who worked directly for Walbridge, or were staffed to Walbridge, and were paid straight time for overtime," not just those who Walbridge determines provided safety-related services. (ECF No. 113, PageID.1290, 1293.) The Court agrees.

According to Rice, Walbridge violated the Court's discovery orders in three ways. Specifically, Walbridge: (1) "failed to produce any information for staffed employees who did not provide safety services;" (2) "failed to produce any information relating to payment of any staffed employees;" and (3) produced additional documents relating to direct employees only *after* Rice filed the instant motion, which was a month past the discovery cut-off deadline. (ECF No. 115, PageID.1336.)

Additionally, Rice submits that "[t]he materials Walbridge *did* produce for direct employees were done in such a way that Rice cannot easily determine which class member they correspond to or whether the production is complete." (*Id.* (emphasis in original).) For example, "[m]any pages of the personnel documents produced don't contain employee IDs whatsoever, so there is no straightforward way to match up the anonymized records against the class list or determine what has been received for whom." (*Id.*, PageID.1336–1337.)

Walbridge argues that it "produced all documents in its possession that are responsive to the Court's Order *that pertained to safety inspectors and engineers, such as Plaintiff*—and then some." (ECF No. 114, PageID.1317 (emphasis added).) In support of its narrowed production, Walbridge points to various portions of Rice's complaint and declaration, arguing that, based on principals of contract and statutory interpretation, it "understands [Rice]'s lawsuit to be one in which he seeks to represent a collective of similar safety inspectors/engineers." (*Id.*, PageID.1320.) In other words, instead of interpreting the complaint to encompass "all direct employees and staffed workers who received straight time for overtime[,]" Walbridge submits that "the proper

interpretation is … that putative class members are those individuals who provided the same types of services under similar terms as [Rice].” (*Id.*, PageID.1324–1325.)

Rice’s argument prevails. First, as correctly noted by Rice and notably unrebutted by Walbridge, this Court’s August 28, 2024 discovery order describes the putative class members as “workers paid straight time for overtime.” (ECF No. 94, PageID.1099.) Tellingly, Walbridge’s *own* motion for reconsideration acknowledged the scope of the Court’s discovery order, stating:

> In addition to ordering discovery related to Walbridge’s third-party vendors (such as the one that employed Rice and supplied him to Walbridge), this Court ordered the production of this discovery in the form of anonymized time records, pay records, and personnel files of all direct Walbridge employees who are paid straight time for overtime, **regardless of any other distinguishing criteria, including job title**. *See* ECF No. 94.

(ECF No. 97, PageID.1117 (emphasis omitted; emphasis added).) In denying Walbridge’s motion for reconsideration, the Court reiterated that its August 28, 2024 order “stands *unmodified and in full* effect.” (ECF No. 112, PageID.1275 (emphasis in original).) For Walbridge to now argue a “different understanding,” appears to be, ***yet again***, another

back-door attempt at re-litigating the Court's discovery order. (*See e.g.*, ECF No. 110.)

Further, Walbridge fails to address Rice's concerns regarding the format in which it produced its discovery materials related to direct employees. Provided with no rebuttal, the Court **GRANTS** Rice's request. Specifically, Walbridge must "label each pdf document missing class members' ID numbers with … [an] identifier or, alternatively, provide an index by employee ID number so that Rice can adequately review its production for completeness." (ECF No. 115, PageID.1337.)

As to Rice's request for sanctions, the Court previously warned Walbridge that its "***continued failure to timely satisfy its discovery obligations may result in sanctions.***" (ECF No. 112, PageID.1276 (emphasis in original).) The Court's patience has worn thin. ***Any continued failure to timely satisfy discovery obligations <u>will</u> result in sanctions against Walbridge***.

**B. Motion to extend**

In his motion to extend time to move for court-authorized notice, Rice requests "this Court further extend the deadline for [c]ourt-[a]uthorizded [n]otice by an additional 90 days from the date it rules on

the [m]otion to [e]nforce, solely for the purpose of allowing time for Walbridge to produce the outstanding documents related to the [m]otion to [e]nforce." (ECF No. 116, PageID.1350.) Based on the above findings, the Court finds good cause to extend its scheduling order by 90 days.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Rice's motion to enforce and for sanctions is **GRANTED IN PART AND DENIED IN PART**. Specifically, Walbridge's production **SHALL NOT** be limited based on putative class members' job titles and/or duties.

**IT IS FURTHER ORDERED** that Walbridge **SHALL** produce all anonymized pay records, timesheets, and personnel files for all putative class members employed *directly* by Walbridge. To the extent that production has already occurred, Walbridge **SHALL** update its production by either: (1) labeling each PDF document that is missing class members' identification numbers with an identifier, or (2) providing an index by employee identification number so that Rice can adequately review Walbridge's production for completeness.

**IT IS FURTHER ORDERED** that Walbridge **SHALL** produce any available information about the putative class members *staffed* by Walbridge.

**IT IS FURTHER ORDERED** that production **SHALL** be completed within **30 days** of this order.

**IT IS FURTHER ORDERED** that Rice's request for sanctions is **DENIED**.

**IT IS FUTHER ORDERED** that Rice's motion to extend time to move for court-authorized notice is **GRANTED**. Accordingly, Rice has an additional **90 days** from the date of this order to move for court-authorized notice.

**SO ORDERED.**

s/Jonathan J.C. Grey
Hon. Jonathan J.C. Grey
United States District Judge

Date: July 29, 2026

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 29, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager